10-981-ag
Dacaj v. Holder

BIA
A078 716 980

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand eleven.

PRESENT:

        JOHN M. WALKER, JR.,
        JOSEPH M. McLAUGHLIN,
        ROBERT A. KATZMANN,
           *Circuit Judges.*

_____

HALIL DACAJ,

          *Petitioner*,

        v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

         *Respondent*.

10-981-ag

NAC

_____

| | |
|---|---|
| FOR PETITIONER: | H. Raymond Fasano, Madeo & Fasano, New York, N.Y. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Genevieve Holm, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

The Petitioner, Halil Dacaj, a native of Yugoslavia and citizen of Serbia-Montenegro, seeks review of a February 22, 2010, decision of the BIA denying his motion to reopen his removal proceedings. *In re Halil Dacaj*, No. A078 716 980 (B.I.A. Feb. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although we generally review the BIA's denial of a motion to reopen for abuse of discretion, the BIA's determination as to whether it will exercise its *sua sponte* authority to reopen is entirely discretionary and thus beyond the scope of this Court's jurisdiction. *See Ali v. Gonzales*, 448 F.3d 515, 517-18 (2d Cir. 2006)(per curiam). However, in instances "where the Agency may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate."

*Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009).

Dacaj asserts that our decisions in *Balachova v. Mukasey*, 547 F.3d 374 (2d Cir. 2008), and *Weng v. Holder*, 562 F.3d 510 (2d Cir. 2009), altered the standard for what conduct would be considered "assistance in persecution" such that the persecutor bar would apply. Dacaj argues that remand is therefore necessary because the BIA declined to *sua sponte* reopen his proceedings only because it erroneously concluded that *Balachova* and *Weng* did not represent a change in the law, and thus would not alter the result in his case. However, *Balachova* merely cited our prior decisions in *Chao Qun Jiang v. BCIS*, 520 F.3d 132 (2d Cir. 2008), and *Xu Sheng Gao v. U.S. Att'y Gen.*, 500 F.3d 93 (2d Cir. 2007), as well as the applicable statutory provisions, *see* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3), in discussing the factors previously employed by this Court in determining whether the persecutor bar applies. *See Balachova*, 547 F.3d at 384-85; *see also Weng*, 562 F.3d at 514 (citing *Balachova*). Accordingly, although Dacaj argues that the *Balachova* and *Weng* decisions changed the definition of "assistance in persecution," the BIA correctly noted that rather than change the law, those decisions merely applied the existing standards to the specific facts in each case.

3

*See Balachova*, 547 F.3d at 386-87 (remanding to the BIA to consider whether a petitioner's inaction may be considered "assistance in persecution"); *see also Weng*, 562 F.3d at 515 (concluding that taken "as a whole," a petitioner's single instance of passive assistance in persecution did not subject her to the persecutor bar when she had also used her position to help an individual escape).  Because, as the BIA correctly concluded, these decisions simply clarified and applied existing law, we lack jurisdiction over the BIA's decision and remand is inappropriate.

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4